IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRITTANY CRAIG, *et al*.                                         PLAINTIFFS

v.                            CASE NO. 4:22-CV-00870-BSM

TERRY FLEMING, *et al.*                                          DEFENDANTS

<u>ORDER</u>

Terry Fleming's motion to dismiss [Doc. No. 52] is granted in part and denied in part. The motions to dismiss of PerfectVision Manufacturing, Inc. [Doc. No. 53], and Bella Casa, LLC [Doc. No. 59] are granted.  Plaintiffs' motion to certify [Doc. No. 66] and motion for partial summary judgment [Doc. No. 71] are denied.

I. BACKGROUND

Plaintiffs Brittany Craig and Kaylee Cathcart bring this putative class action alleging that Terry Fleming, along with his companies PerfectVision and Bella Casa, coerced them to engage in commercial sex acts over several years.

Craig alleges that she met Fleming in 2012 when she was nineteen.  Second Amended Complaint ("SAC") ¶ 57.  She flew with him to Key West in September 2012 and, on the flight, Fleming gave her alcohol.  *Id.* ¶ 61.  Craig went with Fleming to his house, where she drank until she blacked out. *Id.* ¶ 62.  She alleges that she woke up to learn that she and Fleming had sex, but she was too drunk to remember it.  *Id.*  At some time in 2012, Fleming bought her a phone and gave her money.  *Id.* ¶¶ 117–119, 123. Craig alleges that when she flew with Fleming to China on PerfectVision's private jet, she was given alcohol and woke

up realizing she had had sex with Fleming. *Id*. ¶ 124–128. After returning from China, Fleming bought Craig a car. *Id*. ¶ 153. She signed a promissory note requiring payments to be sent to PerfectVision's address. *Id*. ¶ 211. Craig was required to log each trip she took with Fleming on a ledger, and her debt on the car was reduced by each trip's value. *Id*. ¶¶ 213–215. Craig alleges the value of the trip was based on whether she complied with Fleming's sexual demands. *Id*. ¶ 215. On one occasion, Fleming tackled Craig and tried to seize her phone. *Id*. ¶ 174. Craig moved into Fleming's home in 2016. *Id*. ¶ 148. She alleges that when she wanted to leave the relationship, Fleming threatened to take away the credit cards, car, clothing, and gifts that he had given her. *Id*. ¶ 162. Craig left Fleming in 2017 and has not had any contact with him since. *Id*. ¶¶ 190–191, 200.

Cathcart alleges that she met Fleming in 2012 when she was eighteen. *Id*. ¶ 212. She went to Fleming's house, drank until she blacked out, and woke up to find Fleming had had sex with her. *Id*. ¶ 217. Fleming gave her money to buy illegal drugs to give to other women. *Id*. ¶ 221. Fleming promised her marriage and gifts when she wanted to leave him. *Id*. ¶ 226. Fleming proposed to her in 2019. *Id*. ¶ 227. Cathcart alleges that Fleming told her healthcare providers not to treat her. *Id*. ¶ 230. She alleges that defendants arranged to lease an apartment for her and that she either lived in the apartment or with Fleming. *Id*. ¶¶ 231–232. At some unspecified time, she attempted to leave Fleming's yacht, but Fleming instructed his yacht crew to threaten and intimidate her so she would not leave. *Id*. ¶ 234. When she wanted to leave Fleming in 2020, Fleming promised to pay for her education,

housing, car, and medical bills.  *Id*. ¶ 238.  She alleges that Fleming contacted law enforcement to arrest her.  *Id*. ¶ 239.  Fleming sued Cathcart, alleging that she stole from him, and when she counterclaimed, Fleming's lawyers repeatedly refused to produce him for a deposition.  *Id*.  ¶¶ 241, 246–249.  Fleming voluntarily dismissed his suit. *Id*. ¶ 250.

Both Craig and Cathcart brought similar sex-trafficking claims against defendants in state court.  Doc. Nos. 52-1, 52-2, 52-4, and 52-7.  Craig's claims, including her civil cause of action under the Arkansas Human Trafficking Act of 2013 ("AHTA"), Ark. Code Ann. § 5-18-101 *et seq*., against Fleming, PerfectVision, and Bella Casa were dismissed without prejudice on September 21, 2021.  Order Granting MTD in *Doe v. Fleming*, Pulaski County Circuit Court Case No. 60CV-21-1526, Doc. No. 52-8.  The state court concluded that the AHTA claim was barred by the statute of limitations.  Craig did not appeal or plead further in state court.  Cathcart's claims—brought as counterclaims in the suit filed against her by Fleming—were dismissed without prejudice on January 6, 2022.  Order Granting MTD Counterclaims in *Fleming v. Cathcart*, Pulaski County Circuit Court Case No. 60CV-20-6562, Doc. No. 52-3.  The state court determined that Cathcart's claims under the AHTA and Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595, along with her civil conspiracy and malicious prosecution claims, failed to state facts upon which relief could be granted.  The state court also determined that Cathcart failed to identify specific acts within the limitations period that could give rise to claims for outrage and second-degree sexual assault.  Cathcart did not appeal or plead further in state court.

Cathcart also sued Fleming's lawyers for malicious prosecution and abuse of process. Those claims were dismissed with prejudice on October 18, 2022. Order Granting MTD in *Cathcart v. Davidson*, Pulaski County Circuit Court Case No. 60CV-21-7349, Doc. No. 52-5. Cathcart's appeal is pending in the Arkansas Court of Appeals. *Cathcart v. Davidson*, Case No. CV-22-819.

In the second amended complaint, Craig and Cathcart bring claims under the TVPRA against all defendants. Cathcart also brings claims for malicious prosecution and abuse of process; civil action by a crime victim; outrage; and civil conspiracy. All defendants move to dismiss plaintiffs' second amended complaint. Plaintiffs move for partial summary judgment and to certify a question to the Arkansas Supreme Court.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, the facts alleged in the complaint must create a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* All allegations contained in the complaint are considered true, and all reasonable inferences are drawn in the plaintiff's favor. *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1108 (8th Cir. 2022).

III. DISCUSSION

A.     Motion to Certify

Plaintiffs' motion to certify to the Arkansas Supreme Court is denied because
certification is not warranted when, as here, the state court's dismissal without prejudice is
"sufficiently firm" so that it must be given "conclusive effect." *See Germain Real Est. Co.,
LLC v. HCH Toyota, LLC*, 778 F.3d 692, 696 (8th Cir. 2015).   Although the question
plaintiffs seek to certify is unclear, it appears to be along these lines: when an Arkansas state
court dismisses a complaint without prejudice under Arkansas Rule of Civil Procedure
12(b)(6), is that dismissal considered a final judgment for purposes of issue preclusion?  This
question, however, has already been answered by the Supreme Court's precedent.   When a
complaint is dismissed under Rule 12(b)(6) for failure to state facts upon which relief can be
granted, the dismissal should be without prejudice so that the plaintiff may elect whether to
plead further or appeal*. Blackburn v. Lonoke Cnty. Bd. of Election Commissioners*, 2022
Ark. 176, at 9, 652 S.W.3d 574, 581.   A party can bring a new suit within one year of a
dismissal without prejudice when the statute of limitations would otherwise bar the suit.  Ark.
Code Ann. § 16-56-126; *See Rettig v. Ballard*, 2009 Ark. 629, at 5, 362 S.W.3d 260, 263.
The Eighth Circuit has held that a state-court dismissal without prejudice "was sufficiently
firm to be accorded conclusive effect" for issue-preclusion purposes when the transcript of
the state-court hearing made clear that the parties were fully heard and the court was familiar
with the case, and the plaintiff did not appeal or refile in state court. *Germain Real Est. Co.*,

778 F.3d at 696.  Therefore, certification is not necessary.

B.   Motions to Dismiss

Fleming's motion to dismiss is granted in part and denied in part.  The motions to dismiss of PerfectVision and Bella Vista are granted.  Because these motions are considered before class certification, only the claims of Craig and Cathcart are considered.  *See Browe v. Evenflo Co., Inc.*, No. CIV. 14-4690 ADM/JJK, 2015 WL 3915868, at *4 n. 1 (D. Minn. June 25, 2015).  When considering a motion to dismiss under Rule 12(b)(6), the court may consider materials that are part of the public record and are necessarily embraced by the pleadings.  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

*1. Preclusion*

This court must give Arkansas state-court judgments the same preclusive effect that the State of Arkansas would give them.  *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).  For this reason, the doctrine of *res judicata* bars Cathcart's malicious prosecution and abuse of process claims but not plaintiffs' other claims.  *See* BLACK'S LAW DICTIONARY (11th ed. 2019) (defining *res judicata* and explaining when acts of a court create an absolute bar to subsequent claims).

There are two facets to *res judicata*: claim preclusion and issue preclusion. *Gulley v. State ex rel. Jegley*, 2023 Ark. 70, at 6, 664 S.W.3d 421, 426.  Claim preclusion does not bar Cathcart's claims because her claims in state court were dismissed without prejudice.  *See id. (*claim preclusion applies only when the first suit results in a final judgment on the

merits); *Percefull v. Claybaker*, 312 F. App'x 827 (8th Cir. 2008) (dismissal without prejudice is not a final judgment on the merits for *res judicata* purposes).

Cathcart's claims for malicious prosecution and abuse of process are, however, barred by issue preclusion. This is true because her claims were initially dismissed without prejudice, but she brought another case involving the same issues—the conduct of Fleming's lawyers. Those claims were dismissed with prejudice. Doc. No. 52-5. She then appealed the dismissal, so she is precluded from bringing claims based on the same issues here. *See Arkansas Dep't of Env't Quality v. Brighton Corp.*, 352 Ark. 396, 411, 102 S.W.3d 458, 468 (2003) ("When the plaintiff chooses to appeal, he or she waives the right to plead further, and the complaint will be dismissed with prejudice.").

Craig's TVPRA claim—her sole claim—is not precluded. Craig did not bring a TVPRA claim in state court, and her AHTA claim was dismissed because it was barred by the three-year statute of limitations. TVPRA's statute of limitations is ten years. The state court dismissal of Craig's AHTA claim as time-barred is not sufficiently firm to preclude her from filing a different claim under a different statute of limitations.

### 2. Trafficking Victims Protection Reauthorization Act

a. <u>Fleming</u>

Considering the allegations in the complaint as true, and drawing all reasonable inferences in the plaintiffs favor, Fleming's motion to dismiss plaintiffs' TVPRA claims is denied. The TVPRA provides sex-trafficking victims a civil remedy "against the perpetrator

(or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter)." 18 U.S.C. § 1595(a). To state a claim under the TVPRA, plaintiffs must plead that Fleming knowingly and in interstate or foreign commerce (1) recruited, enticed, harbored, transported, provided, or maintained by any means a person (2) "knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion...or any combination of such means" will be used (3) to cause the person to engage in a commercial sex act. 18 U.S.C. § 1591.

When the complaint is given a fairly broad reading, both Craig and Cathcart have adequately pleaded that commercial sex acts occurred between them and Fleming. Section 1591(e)(3) defines "commercial sex act" as "any sex act, on account of which anything of value is given to or received by any person." There must be "a causal relationship between the sex act and an exchange of an item of value." *Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*, No. 10-CV-4124, 2013 WL 6816174, at *16 (W.D. Ark. Dec. 24, 2013) (citation omitted). Craig's allegation that the amount of debt she owed on her car was based on whether she complied with Fleming's sexual demands sufficiently pleads a causal relationship between a sex act and debt repayment, which is something of value. Cathcart's allegations that Fleming gave her gifts and arranged for a lease on her apartment also sufficiently plead a causal relationship between a sex act and the exchange of these items.

Plaintiffs have also alleged a causal relationship between coercion from Fleming and

commercial sex. The complaint must allege a causal relationship between this conduct and the sex act's occurrence. *Noble v. Weinstein*, 335 F. Supp. 3d 504, 519 (S.D.N.Y. 2018). Fleming "must have intended, or been aware, that the fraud and force *would cause* a sex act to take place." *Id*. "Statements made incidental to the sex act—made for a reason other than to bring about the act—are not enough." *Id*.

While plaintiffs have not sufficiently pleaded that Fleming used force, threat of force, or fraud, they have sufficiently pleaded that Fleming used coercion to cause them to engage in commercial sex. Under the TVPRA, "coercion" includes "(A) threats of serious harm to or physical restraint against any person; (B) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or (C) the abuse or threatened abuse of law or the legal process." 18 U.S.C. § 1591(e)(2). Serious harm is "any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm." 18 U.S.C. § 1591(e)(5). Drawing all reasonable inferences in plaintiffs' favor, allegations that Fleming threatened to take away Craig's credit cards, car, clothing and gifts and to stop paying for Cathcart's education, housing, car and medical bills if plaintiffs ended their sexual relationship with Fleming are sufficient to survive Fleming's motion to dismiss.

9

b.  <u>PerfectVision</u>

Plaintiffs' TVPRA claims against PerfectVision are dismissed because neither

plaintiff has stated a plausible claim against the company.  To state a claim for beneficiary

liability under the TVPRA, Craig must plead that PerfectVision (1) "knowingly benefitted,

financially or by receiving anything of value, from participation in a venture" which has

recruited, enticed, harbored, transported, provided, obtained, or maintained by any means a

person (2) "knowing, . . . or in reckless disregard of the fact, that means of force, threats of

force, fraud, coercion. . . or any combination of such means will be used to cause the person

to engage in a commercial sex act." 18 U.S.C. § 1591(a).

Plaintiffs' allegations fall short.  They allege that PerfectVision paid for the private

jet operation and that its crew knew that the jet was used to traffic women. SAC ¶ 262. They

also allege that PerfectVision knew about the flow of money associated with trafficking

activity.  *Id*. ¶ 264, and that it was not entitled to receive benefits from its contracts with

AT&T.  *Id*. ¶ 274.  But allegations that PerfectVision knew that Fleming traveled with

women and made payments to them are not allegations that PerfectVision knowingly

benefitted from participating in a venture knowing, or recklessly disregarding, that Fleming

engaged in force or coercion to cause women to engage in commercial sex.   These

allegations are insufficient to state a TVPRA claim against PerfectVision.

c.  <u>Bella Casa</u>

Plaintiffs' TVPRA claims against Bella Casa are also dismissed because they have

failed to sufficiently plead that Bella Casa knowingly benefitted from a commercial sex trafficking venture, while knowing (or recklessly disregarding) that means of force, fraud, or coercion would be sued to cause them to engage in a commercial sex act. Plaintiffs allege that Bella Casa benefitted financially from its leasing its real property, where the alleged trafficking occurred, to PerfectVision. SAC ¶¶ 293, 296. That allegation is not sufficient to state a TVPRA claim against Bella Casa.

### 3. Civil Action by Crime Victim

Fleming's motion to dismiss is granted on Cathcart's civil action by crime victim claims as to first-degree sexual assault and denied as to second-degree sexual assault and AHTA. Arkansas Code Annotated section 16-118-107 provides a civil cause of action to "[a]ny person injured or damaged by reason of conduct of another person that would constitute a felony under Arkansas law," while section 16-118-109 provides a civil action for victims of human trafficking. Cathcart alleges three felonies as grounds for her claim: first-degree sexual assault, second-degree sexual assault, and violations of the AHTA.

***Sexual assault***. Cathcart cannot state a claim for first-degree sexual assault because she was not a minor during her relationship with Fleming, and she does not allege Fleming was employed by a school. Ark. Code Ann. § 5-14-124(a). She does, however, establish a claim for second-degree sexual assault. To establish second-degree sexual assault claim, Cathcart must allege that Fleming engaged in sexual contact with her by forcible compulsion or when she was incapable of consent because she was physically helpless, mentally

11

defective, or mentally incapacitated. Ark. Code Ann. § 5-14-125(a)(1)–(2). Cathcart's allegations that Fleming had sex with her while she had been determined medically disabled and was unable to give legal consent are sufficient to state a claim. SAC ¶ 342.

*AHTA*. Cathcart has adequately pleaded her AHTA claim. To state an AHTA claim, Cathcart must adequately plead that defendants (1) recruited, enticed, solicited, isolated, harbored, transported, provided, maintained her knowing she would be subjected to involuntary servitude; (2) benefitted financially or by receiving anything of value from participation in a venture that engaged in those activities, or (3) subjected her to involuntary servitude. Ark. Code Ann. § 5-18-103(a). Involuntary servitude means the inducement or compulsion of a person to engage in labor, services, or commercial sexual activity by means of:

(A)   A scheme, plan, or pattern of behavior with a purpose to cause a person to believe that if he or she does not engage in labor, services, or commercial sexual activity, he or she or another person will suffer serious physical injury or physical restraint;

(B)   Abuse or threatened abuse of law or legal process;

(C)   The causing of or the threat to cause serious harm to a person;

(D)   Physically restraining or threatening to physically restrain another person;

(E)   The kidnapping of or threat to kidnap a person;

(F)   The taking of another person's personal property or real property;

(G)   The knowing destruction, concealment, removal, confiscation, or possession of an actual or purported passport, other immigration document, or other actual or purported government identification document of another person;

(H)     Extortion or blackmail;

(I)     Deception or fraud;

(J)     Coercion, duress, or menace;

(K)     Debt bondage;

(L)     Peonage; or

(M)     The facilitation or control of a victim's access to an addictive controlled substance.

Ark. Code Ann. § 5-18-102(7). "Critical to a claim of involuntary servitude is an absence of choice." *Fochtman v. Darp, Inc.*, No. 5:18-CV-5047, 2018 WL 3148113, at *4 (W.D. Ark. June 27, 2018) (citing *United States v. Kozminski*, 487 U.S. 931, 953 (1988)).

Drawing all reasonable inferences in Cathcart's favor, she has adequately pleaded that Fleming subjected her to involuntary servitude. Cathcart has adequately alleged that Fleming compelled her to engage in commercial sex her by threatening to stop paying for Cathcart's education, housing, car, and medical bills if she ended her sexual relationship with Fleming and by suing her and threatening to have her arrested. That is enough to survive the motion to dismiss.

*4. Outrage*

Cathcart's outrage claim is dismissed because she does not specify what conduct she alleges as the basis for this claim. To establish a claim for outrage, Cathcart must adequately plead the following elements: (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the

13

conduct was "extreme and outrageous," was "beyond all possible bounds of decency," and was "utterly intolerable in a civilized community"; (3) the actions of the defendant were the cause of the her distress; and (4) the emotional distress sustained by her was so severe that no reasonable person could be expected to endure it. *Kiersey v. Jeffrey*, 369 Ark. 220, 222, 253 S.W.3d 438, 441 (2007). Cathcart generally alleges that each defendant "willfully and wantonly engaged in extreme and outrageous conduct" but does not identify any acts by any defendants that would support an outrage claim. "Merely describing the conduct as outrageous does not make it so." *Crockett v. Essex*, 341 Ark. 558, 564, 19 S.W.3d 585, 589 (2000). Accordingly, Cathcart's outrage claim is dismissed.

### 5. Civil Conspiracy

Cathcart's civil conspiracy claim is also dismissed. To prove a civil conspiracy, Cathcart must show that "two or more persons have combined to accomplish a purpose that is unlawful or oppressive or to accomplish some purpose, not in itself unlawful, oppressive or immoral, but by unlawful, oppressive or immoral means, to the injury of another." *Ballard Grp., Inc. v. BP Lubricants USA, Inc.*, 2014 Ark. 276, at 17, 436 S.W.3d 445, 455. A civil conspiracy is an intentional tort which requires a specific intent to accomplish the contemplated wrong. *Id*. at 18, 436 S.W.3d at 455. Cathcart alleges that "[o]ne or more defendants" committed "one or more overt acts" in furtherance of the conspiracy with the specific intent to harm her, but she does not allege who acted, what actions they took, or how they intended to harm her. These allegations are insufficient to survive the motion to

14

dismiss.

      C.    <u>Motion for Partial Summary Judgment</u>

Plaintiffs' motion for partial summary judgment on their TVPRA claims is denied without prejudice because it is premature.  No discovery has been done, and the facts as pleaded in the complaint do not entitle plaintiffs to summary judgment.

<h2 style="text-align:center">IV.  CONCLUSION</h2>

For the foregoing reasons, Fleming's motion to dismiss is granted in part and denied in part.  Both plaintiffs' TVPRA claims and Cathcart's second-degree sexual assault and AHTA claims against Fleming can proceed.  Cathcart's claims for malicious prosecution, abuse of process, first-degree sexual assault, outrage, and civil conspiracy are dismissed with prejudice.  The motions to dismiss of PerfectVision and Bella Casa are granted, and all claims against PerfectVision Manufacturing, Inc., d/b/a PV10 Wireless, Perfect 10 Antenna Company, Perfect 10 Satellite Distributing, Perfect 10 Satellite Distributing Co., Perfect 10 Wireless, PerfectVision, and PerfectVision Manufacturing; and Bella Casa, LLC are dismissed with prejudice.  Plaintiffs' motion to certify and motion for partial summary judgment are denied.

IT IS SO ORDERED this 29th day of February, 2024.

UNITED STATES DISTRICT JUDGE